UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CLARENCE BELL,

    Plaintiff,

    v.                                       CAUSE NO. 3:23-CV-562-JD-JEM

CARL KUENZLI, et al.,

    Defendants.

## OPINION AND ORDER

Clarence Bell, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983.[1] (ECF 6.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Bell is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[1] His original complaint was unsigned. (ECF 1.) He has since corrected this deficiency. (ECF 6.)

Mr. Bell is incarcerated at Miami Correctional Facility ("Miami"). His complaint describes a host of problems he has experienced while incarcerated at Miami.[2] Among other things, he claims that two doctors have not given him proper treatment for certain medical conditions; the health services administrator did not give him the right footwear, meaning he had to "go to meals in shower shoes"; the prison bathrooms do not have enough privacy; he was assigned to a cell that had no intercom and was not ADA compliant; the grievance specialist does not process his grievances in a timely fashion; his unit manager assigned him cellmates who "bullied" him and took his property; prison staff do not always shovel outdoor areas properly, which resulted in him falling out of his wheelchair last winter; and the deputy warden told other inmates not to help him with his legal work.

Unrelated claims against unrelated defendants belong in different lawsuits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The mere fact that all these events happened at Miami does not mean Mr. Bell can challenge them all in this one lawsuit. *See Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017) (observing that prisoner-plaintiff's "scattershot strategy" of filing an "an omnibus complaint against unrelated defendants . . . is unacceptable"); *Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021) (directing district courts to ensure that prisoners are not permitted to

---

[2] The complaint is difficult to follow in places. Mr. Bell explains that he has a problem with his hands and other issues that made it difficult for him to complete the complaint form. The court has endeavored to give the complaint liberal construction and to afford him all favorable inferences.

lump unrelated claims against unrelated defendants together in one lawsuit so as to avoid the provisions of the Prison Litigation Reform Act).

Ordinarily, when a plaintiff files a complaint asserting unrelated claims against unrelated defendants, the court's preference is to allow the plaintiff an opportunity to pick which related claims he wants to pursue in the present case. Here, however, Mr. Bell asserts claims related to his medical care that appear time-sensitive. In light of this, the court will proceed to screen his medical care claims and will dismiss his other claims without prejudice. If he wishes to pursue these unrelated claims, he must do so in a separate lawsuit (or lawsuits), subject to the usual constraints of the Prison Litigation Reform Act.

Under the Eighth Amendment, inmates are entitled to adequate medical care for serious medical conditions. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). They are "not entitled to demand specific care," however, *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("The Eighth Amendment does not require that prisoners receive unqualified access to health care."). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. Ignoring an inmate's complaints of pain or delaying necessary treatment can amount to deliberate indifference, particularly where "that delay exacerbates the plaintiff's condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted).

Mr. Bell claims that he has diabetes and had one of his legs amputated; because of this he uses a prosthetic limb and is in a wheelchair. These are serious medical conditions. *See Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). He claims that Dr. Carl Kuenzli and Dr. Mordea (first name unknown) have not sent him for a necessary refitting of his prosthetic leg and have not given him the right amount of insulin on a daily basis, or proper pain medication to control the pain he experiences from his conditions. He further alleges that these doctors did not provide him with rehabilitation services after a past surgery, which caused additional problems with his remaining leg. He will be permitted to proceed on a claim for damages against the doctors. Because he claims to be in need of additional treatment at present, he will also be permitted to proceed on a claim for injunctive relief against the current Warden of Miami, Jason English, who is a proper person to ensure that inmates at his facility receive constitutionally adequate medical care. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2022).

He also names Certified Nurse Assistant ("CNA") Betty (last name unknown) as a defendant, but her only involvement with his care, as he describes it, was to refuse to take his vital signs on one occasion. From the information he has provided, the court cannot plausibly infer that CNA Betty was deliberately indifferent to a serious medical need on the date of this incident. Nor can the court infer that her failure to take his vital signs on one occasion exacerbated his medical conditions or otherwise caused him injury. *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020) (inmate's deliberate indifference claim failed where "he did not show that he experienced any cognizable harm"); *see also*

4

*Bolden v. Mezo*, No. 22-1571, 2023 WL 4488861, at *2 (7th Cir. July 12, 2023) ("An injury is necessary for a constitutional tort under § 1983."). Similarly, he claims that Nurse Pam Cool "refused to properly administer [his] medications" on one occasion. (ECF 6 at 5.) He does not explain what she did that was improper or how, if at all, this injured him. Merely "putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened . . . that might be redressed by the law" is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Based on the bare allegations he has provided, he will not be permitted to proceed against CNA Betty or Nurse Cool.[3]

He also sues Wexford Health ("Wexford"), the company that previously employed medical staff at Indiana prisons. Wexford's contract with Indiana Department of Correction terminated in July 2021 and it was replaced by Centurion Health. *See Baldwin v. Westville Corr. Facility*, No. 3:21-CV-682-DRL-MGG, 2021 WL 5759136, at *2 (N.D. Ind. Dec. 3, 2021). Wexford could be held liable for constitutional violations occurring during the time it provided medical care at Indiana prisons, but Mr. Bell does not clearly identify any of these incidents as occurring prior to July 2021. *See Hildreth v. Butler*, 960 F.3d 420, 422 (7th Cir. 2020). Instead, he identifies the relevant time period as November 2021 and after. (ECF 6 at 1.) Indeed, claims related to

---

[3] He also mentions an incident wherein his pacemaker alerted, but it does not appear he suffered any injury as a result of this incident or that he is in need of care related to the pacemaker. The court also does not understand his claim against the health services administrator to be that the shoes he was given are causing him a medical problem; rather, it appears he finds it undignified to go to meals wearing "shower shoes." If the court has misunderstood him or he otherwise believes he can provide additional information about these incidents to state a deliberate indifferent claim, he is free to file an amended complaint providing more detail.

5

incidents occurring more than two years ago likely have a timeliness problem. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) (suits filed under 42 U.S.C. § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years). Based on what he has alleged, he will not be permitted to proceed against Wexford.

He also sues Centurion Health, the private corporation that currently employs medical staff at Miami and other Indiana prisons. There is no general *respondeat superior* liability under 42 U.S.C. § 1983, and thus Centurion Health cannot be held liable solely because it employs the medical staff involved in Mr. Bell's care. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a public function can be sued under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but such entities "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). A plaintiff pursuing an official policy theory must allege that an unlawful policy "was the 'moving force' behind his constitutional injury." *Dixon v. Cty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016). A plaintiff pursuing an official custom theory "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Mr. Bell does not allege that Centurion Health has an unconstitutional official policy or custom that caused him injury. Instead, he describes wrongdoing by the doctors responsible for his care. Isolated instances of wrongdoing by a few employees cannot form the basis for a *Monell* claim. *Howell*, 987 F.3d at 654. This corporate defendant will be dismissed.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Dr. Carl Kuenzli and Dr. Mordea (first name unknown) in their personal capacity for monetary damages for denying him constitutionally adequate care for pain, diabetes, and an amputated leg from November 2021 to the present;

(2) GRANTS the plaintiff leave to proceed against Warden Jason English in his official capacity to obtain necessary medical care for pain, diabetes, and an amputated leg as required by the Eighth Amendment;

(3) DISMISSES Pam Cool, Betty, Wexford Health, and Centurion Health as defendants;

(4) DISMISSES as unrelated the plaintiff's claims against Leann Iver, T. Regal, Warden Hyatt, Assistant Warden Byrum, and UTM Dwyer without prejudice to their being asserted in another lawsuit;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Carl Kuenzli and Dr. Mordea (first name unknown) at Centurion Health and to

7

send them a copy of this order and the complaint (ECF 6) pursuant to 28 U.S.C. § 1915(d);

(7) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden Jason English at the Indiana Department of Correction and to send him a copy of this order and the complaint (ECF 6) pursuant to 28 U.S.C. § 1915(d);

(8) ORDERS Centurion Health and the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available; and

(9) ORDERS Dr. Kuenzli, Dr. Mordea, and Warden English to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 17, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT