UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CLARENCE BELL,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CARL KUENZLI, et al.,<br><br>　　　　Defendants. | CAUSE NO. 3:23-CV-562-JD-JEM |

OPINION AND ORDER

Clarence Bell, a prisoner without a lawyer, was granted leave to proceed on an Eighth Amendment claim against two doctors at Miami Correctional Facility ("MCF"), Noe Marandet and Carl Kuenzli, for deliberate indifference to his medical needs. (ECF 8.) He was also granted leave to proceed on a claim for injunctive relief against the Warden of MCF in his official capacity to obtain constitutionally adequate medical care. (*Id.*) The three Defendants jointly move for summary judgment on the ground that Mr. Bell did not exhaust his administrative remedies before filing suit as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. (ECF 30.)

Under Federal Rule of Civil Procedure 56, the court will grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In deciding whether a genuine dispute of material fact exists, the court must "consider all of the evidence in the record in the light most favorable to the non-moving party,

and . . . draw all reasonable inferences from that evidence" in that party's favor. *Dunn v. Menard, Inc.*, 880 F.3d 899, 905 (7th Cir. 2018) (citation omitted). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in her own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Mr. Bell was notified of the Defendants' motion for summary judgment (ECF 34) and was granted four extensions of time to respond to it. (ECF 40, 44, 46, 48.) His response was due August 1, 2024, but that deadline has passed and no response has been filed. (*See* ECF 48, 50.) Pursuant to N.D. Ind. Local Rule 7-1(d)(5), the court may rule summarily if a party fails to timely respond to a motion. Nevertheless, "[s]trict enforcement of [local rules] does not mean that a party's failure to submit a timely filing automatically results in summary judgment for the opposing party." *Wienco, Inc. v. Katahn Assoc., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992). Rather, that failure "causes all factual assertions alleged by the opposing party to be deemed admitted." *Id.; see also Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021). Therefore, the court deems the Defendants' facts admitted and proceeds to consider whether summary judgment is warranted under the applicable law.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner. . .

until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Lack of exhaustion is an affirmative defense that the defendant has the burden of pleading and proving. *Jones v. Bock*, 549 U.S. 199, 216 (2007). The purpose of the exhaustion requirement is "to give the prison an opportunity to address the problem *before* burdensome litigation is filed." *Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81 (2006)). "[S]tate law establishes the relevant administrative remedies," and courts "require strict adherence to these procedures: prisoners must take each step required by a state's administrative rules governing the prison grievance process." *Jackson v. Esser*, 105 F.4th 948, 956 (7th Cir. 2024). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). *Id*. at 1024. The exhaustion requirement is mandatory, and the court does not have discretion to excuse a prisoner from exhausting. *Ross v. Blake*, 578 U.S. 632, 639 (2016). Nor can an inmate refuse to exhaust his available administrative remedies because he thinks the process would be "futile." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

At the same time, inmates are only required to exhaust administrative remedies that are "available." *Woodford*, 548 U.S. at 102. The availability of a remedy is not a matter of what appears on paper, but rather, whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). "If administrative remedies are genuinely unavailable or nonexistent because, for example, prison employees failed to respond to properly filed grievances," the prisoner has "satisfied the exhaustion requirement." *Jackson*, 105 F.4th at 957.

3

Mr. Bell's medical claim can be broken down into four subparts: (1) a claim that his doctors did not send him for a necessary refitting of his prosthetic leg; (2) a claim that they did not provide the correct amount of insulin to control his diabetes; (3) a claim that they did not provide him with medication to address the pain he experiences from an amputated leg; and (4) a claim that they did not provide him with rehabilitation services after a past surgery, which allegedly caused additional problems with his remaining leg.[1] (ECF 8.) Defendants argue that he did not file any grievance related to issues 1, 3, and 4, and although he filed a grievance about issue 2 (his insulin), he did not exhaust all available levels of appeal with respect to that issue. (ECF 31.)

The undisputed evidence before the court shows that at all relevant times, MCF had a grievance policy in place that allows inmates to grieve a variety of matters, including the actions of staff or contractors or other concerns related to the conditions of their confinement. (ECF 33-2.) Inmates are made aware of the policy upon their arrival at MCF, and the policy is also available in the prison law library. (ECF 33-1 ¶¶ 1-25.) The process consists of three steps: (1) the submission of a formal grievance; (2) a written appeal to the Warden or his designee; and (3) a written appeal to the Indiana Department of Correction ("IDOC") Grievance Manager. (*Id.* ¶ 6.) The process begins with the inmate submitting a formal grievance no later than 10 business days from the date of the incident giving rise to the complaint or concern. (ECF 33-2 at 9.) If the inmate is dissatisfied with the response to his grievance, he may initiate an appeal within five

---

[1] His claim against the Warden is derivative of these claims and merely seeks injunctive relief in the form of ongoing care for these issues. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2022).

4

business days. (*Id.* at 12-13.) If he is still dissatisfied, he may appeal to the IDOC Grievance Manager within five business days of the first-level appeal response. (*Id.* at 13.)

Official grievance records reflect that Mr. Bell is familiar with the grievance process and that between August 2021 and February 2023 he filed thirteen grievances at MCF about a variety of issues. (ECF 33-3.) None of these grievances raised a concern about prison doctors failing to provide him with pain medication, rehabilitation services, or a refitting of his prosthetic leg. (*See* ECF 33-4; ECF 33-5; ECF 33-6.) In Grievance No. 142955 filed on June 29, 2022, he complained about the insulin he was receiving to treat his diabetes.[2] (ECF 33-4 at 10.) Specifically, he stated as follows:

> My insulin was switched to 2 times a day noon & 5 pm & two times there has been a problem with the numbers. The first time the nurse forgot to give it to me and the #'s were to[o] high. The second time I bottomed out at 42. I feel like I should be on a sliding scale with my insulin. Yesterday I was given insulin at 11:00 am by Pam Cool. I need a specialist to regulate my medicine & a better diet.

(*Id.*) In the section designated for requested relief, he asked to be put "on a sliding scale" and to be seen by a specialist. (*Id.*) After investigating, the grievance specialist responded to this grievance by stating it was "up to the provider to decide what insulin you take" and whether he needed to be seen by a specialist. (ECF 33-4 at 12.) The

---

[2] In December 2021, he filed a grievance pertaining to an incident in which prison guards allegedly prevented him from getting his insulin levels checked by medical staff after he told them he wasn't feeling well. (ECF 33-6 at 2.) Although related to his diabetes, this grievance involved different prison staff and a different type of injury than the claim he raises here, which is that doctors have not provided proper medication to control his diabetes. *See Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002) (to satisfy the exhaustion requirement, inmate's grievance must "alert[] the prison to the nature of the wrong for which redress is sought"). Additionally, this grievance was returned to him unfiled for procedural reasons and there is no evidence he pursued it any further. (*See* ECF 33-6 at 1.)

5

grievance specialist directed Mr. Bell to "discuss with the provider [at] next chronic care appointment" or to submit a Health Care Request so he could speak to his doctor. (*Id.*)

Mr. Bell checked the box indicating he disagreed with this response and submitted a first-level appeal form. (ECF 33-4 at 14.) After an investigation, on September 27, 2022, the following appeal response was provided to him by the Warden's designee:

> You were sent a notice to communicate with provider the problems with your provider during chronic care pass. You can have the provider to determine what is in your medical chart to address your issues and . . .get outside treatment if they determine a need. Fill out a [Health Care Request] to see provider.

(ECF 33-4 at 9.) The form instructed Mr. Bell to "check the appropriate box and return this form to the facility grievance specialist." (*Id.*) Box 1 stated, "Agree with facility appeal response," and Box 2 stated, "Disagree with facility appeal response. Send appeal to Department Grievance Manager." (*Id.*) There is no indication from grievance records Mr. Bell completed the form or otherwise pursued a second-level appeal to the IDOC Grievance Manager. Under the grievance policy, an inmate is permitted to appeal whenever he "disagrees with the response" or concludes that it does not "adequately address[] the matter in the grievance." (ECF 33-2 at 12.)

Based on the above undisputed facts, the record establishes that Mr. Bell did not exhaust his administrative remedies regarding his claim about pain medication, rehabilitation services, and a refitting of his prosthetic leg, because he did not file any grievance about those issues. He did file a grievance and a first-level appeal related to his insulin, but he did not complete the process by filing a second-level appeal. *Jackson*,

6

105 F.4th at 956 (prisoner who does not "take each step required by a state's administrative rules" has not exhausted). It is clear he was dissatisfied with the first-level appeal response, which told him simply to talk to his doctors, because he filed this lawsuit against his doctors several months later claiming the care they were providing him was inadequate. He had an additional administrative remedy available to address this issue, but he did not pursue it. Because it is undisputed that Mr. Bell did not exhaust all available remedies with respect to the claims he raises in this lawsuit, the case must be dismissed without prejudice under 42 U.S.C. § 1997e(a).

For these reasons, the Defendants' motion for summary judgment (ECF 30) is GRANTED, and the case is DISMISSED WITHOUT PREJUDICE pursuant to 42 U.S.C. § 1997e(a). The clerk is DIRECTED to close this case.

SO ORDERED on September 4, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT